53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles A. WILLIAMS, Petitioner,
v.
Dan REYNOLDS, Warden; Attorney General of the State of
Oklahoma, Respondents.
 No. 94-7137
 United States Court of Appeals, Tenth Circuit.
 May 4, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Mr. Williams appeals the denial of his habeas corpus petition. The District Court found that the claims raised by Mr. Williams were barred because Mr. Williams' claims had been denied in state court on procedural grounds.
 
 
 3
 In order to overcome a procedural default in state court and enable a federal court to hear a habeas corpus petition on the merits, a petitioner must demonstrate cause and prejudice, or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The District Court concluded this standard had not been met. On appeal, Mr. Williams has attempted to show that the District Court erred.
 
 
 4
 On May 12, 1991, Mr. Williams, while serving a prison sentence in a state correctional facility, was caught with a small bottle of whiskey and a small quantity of marijuana. A prison disciplinary hearing was held, and he was found guilty of violating prison rules and received "misconducts." The matter was then referred to the State Attorney General's Office, and he was subsequently prosecuted for two counts of the crime of Possession of Contraband in a Penal Institution. As a twice-convicted felon, Mr. Williams was eligible for a twenty-year sentence. Rather than go to trial, he pled guilty and received a fifteen-year sentence on March 13, 1992.
 
 
 5
 Mr. Williams did not directly appeal his conviction, but instead filed an application for post-conviction relief in state court. It was denied. Mr. Williams appealed, and the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief because he had failed to file a direct appeal. Mr. Williams then filed a federal petition for habeas corpus which was denied because of the procedural default in state court. Finally, Mr. Williams made this appeal.
 
 
 6
 Mr. Williams presents a novel theory why it would be a fundamental miscarriage of justice if his petition were not heard. His claim centers around a letter that he received from the prison warden on October 21, 1991. Apparently, Mr. Williams had appealed the results of his prison disciplinary proceedings. In response to this appeal, the warden determined that the proper prison disciplinary procedures had not been followed in Mr. Williams' hearings. Thus, he wrote to Mr. Williams: "All punishments imposed by the disciplinary officer is [sic] expunged and all record of the misconducts will be removed from your field file and CRC's." It is the word "expunge" upon which Mr. Williams has attempted to hang his argument.
 
 
 7
 Mr. Williams' theory is that because, as of May 12, 1991, all records relating to his possession of contraband had been expunged, the Attorney General could not have had any evidence to prove his guilt of the crimes charged in March of 1992. He contends that if he had gone to trial, he would undoubtedly have been acquitted because the state would not have been able to present any evidence of his guilt. The "fundamental miscarriage of justice" test would thus be satisfied because he had made a showing of "factual innocence." "Factual innocence," according to Mr. Williams, means that a jury would probably have found the defendant innocent. Without any evidence, he argues, a jury probably would have acquitted him.
 
 
 8
 While we do not quarrel with Mr. Williams' interpretation of the fundamental-miscarriage-of-justice test, we differ sharply on the implications of the term "expunge." When a record is expunged from a prisoner's file, prison authorities may not use the underlying facts surrounding the expunged incident to make decisions adversely affecting the prisoner. Thus, for internal prison administrative purposes (e.g. parole, prisoner classifications, work assignments, etc.), it is as if the expunged incident had never occurred. This does not mean, however, that the underlying facts of the expunged incident may never be used by anyone for any purposes. Mr. Williams has provided no authority for the proposition that a state may not prosecute a prisoner for an action that has been expunged from prison files, nor have we been able to find any. Even had the state been prevented from using the prison's records of the incident, there is certainly nothing to prevent eyewitnesses to the events from testifying based on their own recollection. Thus, it is clear that the State of Oklahoma would have been able to present evidence of Mr. Williams' guilt had he chosen to go to trial.
 
 
 9
 Mr. Williams is correct that, in some cases, the act of expungement does have fairly sweeping legal consequences, but this is not one of those cases. A voluntary expungement of an incident by the prison warden from a prisoner's files is, for example, simply not the same as a court-ordered expungement of a conviction from a person's criminal record.
 
 
 10
 Mr. Williams' fundamental-miscarriage-of-justice argument is fatally flawed because of his overstatement of the consequences of the expungement. He has likewise failed to establish cause for his failure to present his claims on direct appeal and actual prejudice.
 
 
 11
 The denial of the Application for Writ of Habeas Corpus is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470